May it please the Court. You may proceed, Counsel. Good morning, Your Honor. I'm Bill Parrish on behalf of the appellant. Your Honor, we ask the Court to reverse the judgment of the District Court and to remand this matter for further proceedings. This case arises from a diversity case alleging... That is correct. Thank you. And that takes us to the point of why we're on appeal. In procedurally, this matter was heard on cross motions for summary judgment for specific performance and breach of contract. The District Court refused specific performance and inter-judgment on behalf of the defendants because, pursuant to California Civil Code Section 3391, the Court made a factual determination to the District Court that this matter was heard on cross motions for summary judgment for specific performance and breach of contract. Now, the error occurred when the Court said, having found that the consideration was not just and reasonable to support a remedy of specific performance, the consideration, therefore, was inadequate to support a claim for breach of contract. That is clear error. California follows the rule that every common law jurisdiction has followed since the formation of contract law, and that we all learned in the first year of contract that a mere peppercorn is sufficient to support the formation of a valid and enforceable contract. Now, what's your leading California case that we should follow? The leading – we don't need to look at a case because there is a specific statute in California that provides... Well, the reason I ask that question is that we do have this Cushing case to deal with, do we not? No, Your Honor. I don't think Cushing has anything to do with asking a court to apply a specific performance remedy standard provided in Section 3391 to a breach of contract action because Cushing did not do that. In California, the Civil Code section is 1550.4, which requires that it's essential to the existence of any contract that there be a specific... 1550.4 of which code? The California Civil Code. Civil Code. And then California Civil Code section 1605 provides that any benefit conferred or agreed to be conferred upon the promisor by any other person to which the promisor is not lawfully entitled or any prejudice suffered or agreed to be suffered by such person other than such as he at the time of consent lawfully bound to suffer as an inducement to the promisor is a good consideration for a promise. So California statutes specifically provide that mutual exchanges of promises that obligate someone to do something that they weren't legally obligated to do or to perform some obligation that they were not legally obligated to do is sufficient consideration here in the contract. The defendants agreed to transfer title to property. The plaintiffs agreed to pay all costs associated with that transfer. That squarely comes within California Civil Code section 1605. Mr. Parrish, you said that Cushing doesn't have anything to do with this. But didn't the court in Cushing specifically say that it seems to be a general rule that in a suit for specific performance or damages, the plaintiff must allege and prove an adequate consideration? Yes. That is exactly what the court said. But it doesn't follow that what is adequate to apply a remedy of specific performance means the same thing when you're addressing a breach of contract action. Adequate consideration is not an interchangeable term. And Cushing did not address that distinction. So what the court said and what the leap of logic that the court made is when the court said in both a specific performance action you need an adequate consideration and an action at law for breach of contract for damages you need adequate consideration. The court said, ah, that means the same thing. It doesn't. Well, there's also a suggestion that Cushing may be overruled at this point or at least not followed anymore. Is that relevant? Well, yes. But I'm not aware that it's been overruled, Your Honor. Or I would have brought it to the court's attention. But it's not followed in the context of breach of contract. Let's look at what the difference is. In a breach of contract, consideration goes to what type of consideration is required for the formation of an enforceable contract. That's the peppercorn standard. You have a ballot contract if you have a peppercorn. Now, the next step is you always have to have a ballot contract or you don't reach the issue of specific performance. But just because you have an enforceable contract doesn't mean the court will exercise actual jurisdiction and grant specific performance. The adequate consideration of specific performance applies only to the remedy, not to the enforceability of the contract. And the court said, I'm going to exercise my equitable jurisdiction to determine that the consideration in this case does not meet the requirement of 3391 to apply the remedy of specific performance. But the court finds in its statement of decision that there's consideration for this contract. Is there a recent California state law addressing this issue? No. No. I checked before I came and, no, I did not find a recent case that reaffirms this issue. Well, counsel, assuming you're right and this case does get remanded, what would the measure of damages be in a case like this? The measure of damages would be the difference. It's provided by California Civil Code Section 3306 as specific damage measurement for breach of a contract involving real property. And it's the difference between the fair market value of the property at the time of the breach less the amount of consideration paid by the purchaser. And so we prove the value that we're going to convey, the value of the benefit. And what would the numbers look like in this case? Well, here we have a specific undisputed fact that's been agreed to in the excerpts of record that provide for a little over $900,000. It is an undisputed fact in this case that the defendants agreed, and if you'll give me a minute, I'll find exactly where it is. In the excerpts of record at page 22, you'll remember the defendants argue, raised an argument in their answering brief that we couldn't prove damages under 3306, but they overlooked the inconvenient fact that they stipulated that the damages exceed at $900,000. It's a specific amount. It's not in excess of $900,000. And what would the subtraction of consideration do? Well, the admission is that's our net damages. Oh, that's net. Yes. All right. And so we would hope that if the case were remanded, the Court would reconsider the motion for summary judgment and having the correct standard for consideration would enter judgment for the amount that's stipulated to be due on breach of contract. Was that amount stipulated to just for purposes of the summary judgment motion? That's an interesting question. I don't know if you're making an admission under California law, it's summary judgment, you're therefore not bound by it at a later time if the summary judgment isn't granted. It would still be a judicial admission. You may try to explain it. It would be a judicial admission. You would be bound by it. Because California says authorized statements containing pleadings filed with the court are authorized judicial admissions, and they therefore end the dispute regarding that fact. I'd like to, unless the Court has further questions. Counsel, I have a simple question for you, evoked by thinking about peppercorns. That is, would you say that 3391, the California statute, saying that on specific performance you look to adequacy of consideration, would you say that is in derogation? Is that statute in derogation of common law? No, because it addresses a different issue. The one issue is the action at law for the formation of contract and recovery of damages for contract. But 3391 is a codification of equitable principles and the nature of requirements to exercise equitable jurisdiction. I think I understand your argument on that. I mean, at common law, did you have to show adequacy of consideration to get specific performance? I don't know the answer to that. I know that under California Civil Code Section 3391 you do, but I don't know the answer to that question. Thank you, Counsel.  Thank you, Your Honor. We'll hear from the other side. Good morning, Your Honors. My name is Donald Ulrich. I represent Jerry J. Holt and Jerry A. Wells, the appellees. I think the issue is relatively simple here with respect to the Cushing v. Levi case, and I want to explain why it's applicable. In that case, it has not been overruled, as far as I can tell, either. We have the first cause of action of the complaint. It seeks title to the property. In addition to that, it seeks lost profits associated with title, plus it wants interest on those lost profits. The second cause of action, it wants cash for title, it wants the lost profits associated with that title, and it wants interest. There's been no allegations of money paid, no allegations of costs incurred, no money out of pocket from the plaintiffs whatsoever. Now, to explain, I don't even need to refer to Civil Code Section 3306 to address that issue in terms of explaining Cushing v. Levi. If we look to the Rogers v. Davis case I cited in my – the appellees cited in their answer, on page 1218, it says, legally in this case, plaintiffs have but one cause of action, a breach of contract for specific performance and damages. There's just alternative remedies to the one cause of action. Rogers v. Davis, Your Honor. It's in my – this case goes on to say that you can't get either get one or the other. You can't get both. And how does that help you? Well, I'm getting that. Go to page 1220 of the case. So it says, plaintiffs can request such alternate remedies for equitable relief or legal remedy – or legal damages in her or his complaint. It says, plaintiffs may recover both the property itself through the remedy of specific performance and as additional compensation, sometimes incorrectly referred to as damages. I'm on page 1221. When such compensation is necessary to fully vindicate the plaintiff's contractual rights. Then it goes on to quote a case, BDNs v. Pooley, on that same page. And it says, these lost profits really aren't damages. Rather, they're associated with the title itself. And the court says it's more in the nature of an accounting rather than an assessment of damages. So then we go to the California Supreme Court case. That's Pasco v. Morrison. And before I refer to that case, again, remember what we're talking about here. We've got one cause of action seeking title plus lost profits, which is really an accounting issue associated with ownership of the property, plus interest, which is to protect the time value of the profits. And then the second cause of action, now they want, instead of title, they want cash for title, the fair market value, plus they want the same lost profits, which they would get from ownership, and they want interest. Now, having said that, let's look at the language in Pasco v. Morrison on page 58. And this is in, the Supreme Court puts this in italics. In addition thereto, the facts as pleaded, without reference to any question of specific performance, entitle plaintiff to damages. I submit to this Court that in order to assess damages on the second cause of action, you have to make, by necessity, reference to the specific cause of action, i.e., title equals cash and lost profits. How do you get lost profits if you're not entitled to the thing in the first instance? And that's what Cushing v. Levi is relating to. They're saying, hey, you know, when you, when the damages being sought are related and connected to the specific performance, you've got to show the same consideration with respect to specific performance. If you're going to get relief, that's equivalent to that. But doesn't Pasco, which is from 1933, go on to say that even if a contract cannot be specifically enforced, that does not preclude the plaintiff from obtaining relief by way of damages? That's true. Isn't that what we have here? No, because of the nature of the damages itself. Again, you have lost profit. You have no, if you look at 3306, first of all, it talks about the differential. By the way, I never, I conceded to the fact that that was the fair market value of the property. What I did reserve was issues of minority discounts because it was an undivided interest. And then I did say there were lost profits. What I disputed was there are actual evidence of lost profits. We don't need an expert opinion. I never, ever conceded that there was a contract price or there was a differential amount. I was never, that was never addressed in the motion for summary judgment. Mr. Albrecht, you keep bringing up damages. Isn't that a separate question as to whether or not there's an underlying breach? Because he, the district court below said you can't pursue a breach of contract claim for damages when you don't have adequate consideration. So isn't that a separate issue than the damages, which would come after determining whether or not you could pursue such a cause of action? Well, ironically, yeah, that's, you're looking at the back end of the contract to talk about something at the front end of the contract. I was just trying to explain the Cushing v. Levi case that the lower court cited in conjunction with those other cases that did say you can get specific performance or you can get damages. The only explanation I could see was the nature of the damages sought. The second cause of action, you can't address that without looking at the elements of the first cause of action. It's not a separately stated cause of action. Counsel, Judge Gould, if I could ask you one question, if you've concluded on that. The same one I asked your colleague on the opposite side of the case. Is the statute 3391 requiring adequacy of consideration in connection with specific performance? Is that a statute in derogation of the common law? If you know the answer. At common law, did a party have to show adequacy of consideration to get specific performance? Yes, Your Honor, that's true. In order to get specific performance, you have to show that the consideration was adequate. I think that goes to the criteria of the consideration being just and reasonable. Are you talking about common law or the statute? I was asking about the English common law as adopted in California's pre-statute common law. Did it require adequacy or is that just something put in the statute? No, Your Honor. I believe it's reflective of common law and from England, too, because it's an action in equity. And one of the things you look at in equity is what is just and reasonable, what you need to do to avoid unjust enrichment, what is fair. So, yes, I would say my belief is that that statute is reflective of common law in the state of California. Okay. Thank you. So I, of course, never thought that somebody promising to pay the cost of a transaction was even consideration. I didn't even concede that to be damages. The only way for 3306 to apply would be to take what would be the damages. The lower district court said we had no idea what that was and subtract that to get the differential amount. You need to have a differential amount. Well, counsel, aren't these arguments properly directed to the trial court on remand should we decide to remand it? The issue here is I think what we're looking for is whether or not consideration is required in a damages claim. Isn't that where we are? Yes. Okay. Yes. And you're saying yes, it is? Yes. Consideration is required in a damage claim. Based on Cushing? On Cushing v. Levi, where there's the problem with this particular case, why we can differentiate it from the other. There is a line of cases that talk about specific performance and alternatively damages where you can say you either get one or the other. There's a line of cases there. So I have to differentiate. But nobody disputes that consideration is required for specific performance. The issue is whether it also is required for damages. It's required, Your Honor, for damages, too. It's required for damages. Well, I understand that's your argument. But I'm trying to pinpoint the grounds for your argument. And I take it you're still relying on Cushing v. Levi primarily. Well, I was referring to the case, the two cases cited, Barron v. Goldberg and Cushing v. Levi. But there's also the Rogers v. Davis case. Because there it looked at lost profits and said, well, you know, unless you're entitled to get title, you're not going to get lost profits because there's no – how do you get – how can you claim to be entitled to lost profits if you're not entitled to the thing that generates the lost profits? That sounds to me like an argument on measure of damages, not on whether or not a claim can be brought. Yes, that would be – yeah, that would be true. I mean, it goes to the issue of damages. I'm just trying to take that back into the contract action and use it to explain – I mean, I have to distinguish Cushing v. Levi somehow. I do know that there appears to be somewhat of an inconsistency between Cushing v. Levi and these other cases that say you need to get specific performance or damages. The only explanation I had in the Cushing v. Levi case, based on the facts of that case, is that there wasn't any contractual damages. And so if you couldn't get specific performance because consideration was inadequate, you shouldn't be able to get damages in light of the same consideration when there's really no separate damage claim in terms of differential – fair market purchase price differential, out-of-pocket expenses, transaction costs. The record is clear that the plaintiffs incurred no damages. They didn't spend $1 with respect to this transaction. Anything further? I know, Your Honor. Thank you very much, counsel. Mr. Parrish, you have some reserve time. Your Honor, the Court is correct that the only issue before the Court is whether the 3391 standard – Was I right to ask you about Cushing? Would I tell the Court that I was wrong? No, of course you're right to ask me about Cushing. And I'm right to tell you that Cushing is a less-than-precise use of the term adequate consideration. And it goes back – let me quote from Crisman v. Southern California. Here's the issue. In specific performance, California law mandates that the Court determine if the amount of consideration is fair and reasonable. In a bach net law, all the Court has to do is determine is there. And so the Court has said, quote, The benefit may be trifling, but if the promisor is not otherwise lawfully entitled to it, it is sufficient to sustain the contract as a matter of law. The law does not weigh the quantum of the consideration. If the amount named is not adequate, the vendor should so determine in his own mind before he signs the contract. But having signed it, he must live up to his agreement. Any other rule would make the contract worthless and mere waste paper. And so all we're asking the Court to do is to affirm decades and decades of law that in an action of law for breach of contract, it is not a question of how much, it's a question of is there consideration. Thank you. Thank you, counsel. The case just argued will be submitted for decision. And the Court will adjourn.
judges: St. Eve, O'scannlain, Gould